In the

# United States Court of Appeals
## For the Seventh Circuit

No. 22-2861

TECHNICAL SECURITY INTEGRATION, INC.,

*Plaintiff-Appellant,*

*v.*

EPI TECHNOLOGIES, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 19-cv-08493 — **John Robert Blakey**, *Judge.*

ARGUED SEPTEMBER 12, 2023 — DECIDED JANUARY 16, 2025

Before EASTERBROOK, HAMILTON, and PRYOR, *Circuit Judges.*

PRYOR, *Circuit Judge.* Technical Security Integration, Inc. ("Technical Security") and EPI Technologies, Inc. ("EPI") contracted to do business with one another. They agreed to submit any contractual disputes to mediation, and they agreed that if mediation were to fail, the prevailing party in an eventual lawsuit would be entitled to attorneys' fees. They failed

to specify, however, a timeline for making or responding to a mediation demand in the first instance.

Eventually a contractual dispute arose. EPI initially sought mediation but later sued Technical Security in state court and (for the most part) lost. Technical Security then sought attorneys' fees from EPI in federal court. The district court rejected that request and ordered the parties to pay their own fees. Technical Security appeals, arguing that it was entitled to attorneys' fees in the underlying state lawsuit.

Because the contract between Technical Security and EPI does not specify who must seek mediation and when, we cannot resolve this dispute on the record before us. We therefore vacate the district court's entry of summary judgment for EPI and remand for further proceedings.

## I.   BACKGROUND

### A.  Factual History

On May 16, 2013, Technical Security and EPI executed a Sales Representative Agreement ("Agreement") pursuant to which EPI agreed to sell Technical Security's products across the Midwest in exchange for commissions. Section 16 of the Agreement covers "Disputes and Mediation." That section requires any disputes between the parties arising under the Agreement to be submitted to mediation. If, "within 180 days after submission to mediation," the parties cannot reach a settlement, Section 16 gives each party the right to sue in federal or state court, "with all reasonable attorney fees, court costs and expenses incurred by the prevailing party in such litigation to be paid by the other party."

On July 29, 2015, EPI sent a letter to Technical Security demanding mediation to resolve a dispute over commissions.

The demand specified that the mediation would take place in Chicago during the week of August 24 and proposed a specific mediator. Technical Security responded saying it would follow up with an alternative mediator.

Two weeks later, on August 12, EPI emailed Technical Security to check on the status of the mediation demand. Technical Security's attorney responded saying he would check in with his client about its choice of mediator. After another week passed with no response, EPI followed up a second time, on August 20. Technical Security's attorney replied that he would "be in touch." On September 14, having still heard nothing of substance from Technical Security, EPI forwent a third follow-up and sued Technical Security in the Circuit Court of Cook County, Illinois, alleging that Technical Security breached the Sales Representative Agreement by failing to pay commissions owed to EPI.

## B. State Court Proceedings

The state court granted partial summary judgment for Technical Security on the commissions dispute. EPI then moved to dismiss its remaining claims and the court granted that motion. Invoking Section 16 of the Agreement, Technical Security moved for attorneys' fees, but the state court denied the motion, determining that the request for fees involved a factual dispute and there were otherwise no claims to litigate. Technical Security then sent EPI a mediation demand to resolve the fee dispute. EPI did not respond.

## C. District Court Proceedings

On December 30, 2019, Technical Security sued EPI in the Northern District of Illinois alleging its entitlement to fees and costs in the underlying state court litigation.

Both parties moved for summary judgment. EPI argued that Technical Security was not entitled to attorneys' fees, pointing out that Section 16 allows for litigation (and therefore recovery of attorneys' fees) only after the occurrence of the condition precedent set forth in the Agreement: 180 days of fruitless mediation. According to EPI, Technical Security prevented this condition from occurring by not agreeing to EPI's mediation demand. Since there was no failed mediation, there could be no award of attorneys' fees. Technical Security argued that EPI prevented the mediation from occurring by suing in state court before Technical Security could respond to EPI with an alternative mediator.

The district court granted summary judgment in favor of EPI, concluding on the record before it that Technical Security "slow[ed] or prevent[ed]" the mediation process by failing to respond to EPI's initial mediation demand. Technical Security appeals, asking us to enter summary judgment in its favor or to remand the case to the district court for further factfinding.

## II.   DISCUSSION

We review the entry of summary judgment de novo, meaning we consider the facts and draw all inferences in the light most favorable to the nonmoving party. *Sterling Nat'l Bank v. Block*, 984 F.3d 1210, 1217 (7th Cir. 2021). Summary judgment is warranted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue requires more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party must provide specific material facts showing there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The parties agree that Illinois law governs this contract dispute, so we analyze their arguments according to Illinois law. In doing so, we attempt to give effect to the parties' intent by looking to the plain language of the contract. *Block*, 984 F.3d at 1217 (applying Illinois law). If the contract is unclear, we "can consider extrinsic evidence to determine the parties' intent." *Thompson v. Gordon*, 948 N.E.2d 39, 47 (Ill. 2011). Extrinsic evidence, such as evidence of the parties' course of dealing and course of performance, is appropriate when a contract is ambiguous or contains a "yawning void" that "cries out for an implied term." *Brooklyn Bagel Boys, Inc. v. Earthgrains Refrigerated Dough Prods., Inc.*, 212 F.3d 373, 380 (7th Cir. 2000) (applying Illinois law and quoting *Bidlack v. Wheelabrator Corp.*, 993 F.2d 603, 608 (7th Cir. 1993) (en banc)).

Recall that Section 16 of the Sales Representative Agreement requires Technical Security and EPI to mediate any contractual disputes. Only if mediation fails can either party sue to enforce the Agreement and recover attorneys' fees. The requirement to mediate is therefore a "condition precedent" to litigation because it is an "event that must occur" before either party may sue. *See Hardin, Rodriguez & Boivin Anesthesiologists, Ltd. v. Paradigm Ins. Co.*, 962 F.2d 628, 633 (7th Cir. 1992) (applying Illinois law). Here, both parties agree that the condition precedent—mediation—did not occur. Technical Security maintains, however, that EPI wrongfully prevented the condition from occurring, thus breaching the contract.

A party to a contract cannot avoid the consequences of a condition precedent by preventing that condition from occurring. *Quantum Mgmt. Grp. Ltd. v. Univ. of Chicago Hosps.*, 283 F.3d 901, 906 (7th Cir. 2002) (applying Illinois law). Technical Security is seeking the enforcement of the Agreement even

though the condition precedent failed, so it must show that EPI was at fault or failed to act in good faith to bring about the meditation. *E.B. Harper & Co. v. Nortek, Inc.*, 104 F.3d 913, 919 (7th Cir. 1997) (applying Illinois law). Because the prevention of a condition precedent is considered a breach of contract, EPI would not then be able to rely on the condition's failure to avoid performance. *Quantum Mgmt. Grp. Ltd. v. Univ. of Chi. Hosps.*, 283 F.3d 901, 906 (7th Cir. 2002) (applying Illinois law).

Technical Security argues that by suing prematurely, EPI prevented mediation. Technical Security maintains that EPI should have allowed it more than six weeks to respond with an alternative mediator because Technical Security was being asked to mediate in an unfamiliar jurisdiction. Technical Security also argues that EPI should have warned of its forthcoming lawsuit. EPI counters that it could not have been expected to wait indefinitely for Technical Security to respond to its demand for mediation and multiple follow-ups.

The problem is that neither party's argument is supported by the terms of the Agreement. Section 16 of the Agreement does not require a warning before filing suit. Nor does it set a timeline for demanding mediation, responding to such a demand, or selecting a mediator. The Agreement provides only that once mediation begins, the parties may go to court if they cannot settle within 180 days. In other words, the Agreement leaves a "yawning void" that "cries out for an implied term" as to the mediation timeline. *See Brooklyn Bagel Boys*, 212 F.3d at 380.

We are not convinced by either party's attempt to read in contract language that does not exist. The contract's plain language requires neither pre-suit warning nor an explicit

agreement that a party will mediate within a specified period. The Agreement gives only a vague condition, the fulfillment of which depends on unwritten temporal requirements. "Where a contract does not specify the time for performance, the law implies a reasonable time." *Wilmette Partners v. Hamel*, 594 N.E.2d 1177, 1184 (Ill. App. Ct. 1992). But reasonableness is ultimately a question of fact based on "all the conditions and circumstances that might surround the case." *Id.* Without clearer language, we are left to investigate what a reasonable time would have been for the parties to ensure the condition precedent occurred. *See Brooklyn Bagel Boys*, 212 F.3d at 380). The record is devoid of specific facts which might inform this reasonableness inquiry. Absent evidence as to what constitutes a reasonable time to mediate, claims as to the speed with which either party acted are not determinative. *See Wilmette Partners*, 594 N.E.2d at 1184.

We respectfully conclude that the district court erred in faulting Technical Security for preventing mediation. The court did not consider whether it was reasonable for EPI to sue within six weeks of demanding mediation, or if Technical Security's responses were reasonably delayed due to factors beyond its control. Because neither party provides enough evidence to assess the reasonableness of each party's conduct, neither party is entitled to summary judgment at this stage. Accordingly, we reverse and remand for the district court to resolve the open fact issues through proceedings it deems appropriate.

### III.   CONCLUSION

For these reasons, we VACATE the grant of EPI's motion for summary judgment and REMAND for further proceedings consistent with this opinion.

HAMILTON, *Circuit Judge*, concurring. I agree in all respects with Judge Pryor's opinion for the court resolving this appeal. I add only my hope that the parties, with or without help from the district court, will be able to resolve this dispute without a trial. Given the "yawning voids" in the key terms of the parties' written contract, the central issue in such a trial would be which party's executives and lawyers acted more unreasonably in the weeks after EPI sought mediation of the contract dispute and before it filed suit in state court.

It's hard to overstate how petty that secondary dispute over dispute resolution processes is likely to seem in the majesty of a federal courtroom. Prospective jurors called to court might reasonably wonder why on earth they must take time from their daily lives to resolve this dispute. Based on my experience with trials and juries, I would not be surprised if a jury tried to find a way to punish one party, or perhaps both.